IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-306-BO

RAYMOND SHEFFIELD CARPENTER, JR., )
)
)
Appellant, )
)
v. ) O R D E R
)
THE BANK OF NEW YORK MELLON )
FKA THE BANK OF NEW YORK, AS )
TRUSTEE FOR CWALT, INC. )
ALTERNATIVE LOAN TRUST 2005-24, )
MORTGAGE PASS-THROUGH )
CERTIFICATES, SERIES 2005-24; )
NEWREZ LLC DBA SHELLPOINT )
MORTGAGE SERVICING, )
)
Appellees. )

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

This cause comes before the Court on a motion to dismiss this bankruptcy appeal filed by appellee NewRez LLC dba Shellpoint Mortgage Servicing (Shellpoint) pursuant to Rules 8005 and 8009 of the Federal Rules of Bankruptcy Procedure. Appellant, Carpenter, has failed to respond, and the time for doing so has expired. In this posture, the motion to dismiss is ripe for ruling. For the reasons that follow, the motion is granted.

BACKGROUND

On June 3, 2024, Carpenter filed in this Court a notice of appeal from the Bankruptcy Court for the Eastern District of North Carolina. [DE 1]. Carpenter appeals an order entered by Judge

David Warren on May 17, 2024. [DE 1-1]. Judge Warren's order granted a motion for relief from the automatic stay filed by appellee Shellpoint, as servicer for appellee The Bank of New York Mellon. Shellpoint filed a motion to dismiss the appeal on July 12, 2024. Carpenter has, to date, failed to respond to the motion to dismiss.

## DISCUSSION

Shellpoint argues that dismissal is appropriate because Carpenter has failed comply with Rules 8005 and 8009 of the Federal Rules of Bankruptcy Procedure. Shellpoint's argument that Carpenter did not comply with Rule 8005 is inapposite, as the Fourth Circuit has not established a Bankruptcy Appellate Panel pursuant to 28 U.S.C. § 158. *See Mayo v. Fed. Nat'l Home Loan Mortg. Corp.*, No. 4:14cv95, 2015 U.S. Dist. LEXIS 180175, at *11 (E.D. Va. Mar. 31, 2015).

Rule 8009 requires a bankruptcy appellant to "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). No designation of items to be included in the record on appeal has been filed with the bankruptcy court and served on the appellees, and no record on appeal has been filed.

Rule 8003 provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). When determining whether to dismiss an appeal for failure to comply with Bankruptcy Rule 8009, a court

> must take at least one of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.

*In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992).

In this case, the Court makes a finding of negligence. Carpenter, who is represented by counsel, has taken no action in this matter other than to notice an interlocutory appeal. He has failed to respond to the motion to dismiss, thereby failing to take an opportunity to demonstrate why the appeal should not be dismissed for failure to comply with the Rules of Bankruptcy Procedure. Shellpoint has argued that Carpenter has sought multiple continuances and delays without good cause in the bankruptcy case. [DE 6 at 2]. The underlying bankruptcy proceeding has been dismissed by order entered August 26, 2024. *In re Carpenter*, No. 23-02758-5-DMW, DE 138 (Bankr. E.D.N.C. Aug. 26, 2024). Under these circumstances, the Court finds that appellant has been negligent in failing to prosecute this appeal and that the appeal should be dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, the motion to dismiss the appeal [DE 6] is GRANTED. This appeal is hereby DISMISSED. The clerk is DIRECTED to close the case.

SO ORDERED, this __7__ day of November 2024.

                                                   _Terrence Boyle_
                                                   TERRENCE W. BOYLE
                                                   UNITED STATES DISTRICT JUDGE